[Cite as *State v. Kepler*, 2017-Ohio-4150.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TROY G. KEPLER | : | Case No. CT2016-0065 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. CR2016-0145


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      June 5, 2016


APPEARANCES:

For Plaintiff-Appellee

GERALD V. ANDERSON, II
27 North Fifth Street
P.O. Box 189
Zanesville, OH  43702-0189

For Defendant-Appellant

KATHERINE ROSS-KINZIE
250 East Broad Street
Suite 1400
Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Troy Kepler, appeals the December 6, 2016 entry of the Court of Common Pleas of Muskingum County, Ohio, sentencing him for a post-release control violation.  Defendant-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 28, 2016, the Muskingum County Grand Jury indicted appellant, a previously convicted sex offender, on one count of failure to register address change in violation of R.C. 2950.05.  This was appellant's fifth violation for failing to register address change (Case Nos. CR2003-0025, CR2007-0206, CR2011-0064, and CR2013-0225).

{¶ 3}   On October 24, 2016, appellant pled guilty to the charge.  By entry filed December 6, 2016, the trial court sentenced appellant to thirty months in prison, terminated his post-release control in the 2013 case, and ordered him to serve the remainder of his post-release control, to be served consecutively to the thirty month sentence.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED WHEN IT IMPOSED A JUDICIAL-SANCTION SENTENCE ON MR. KEPLER FOR VIOLATING A VOID POSTRELEASE-CONTROL SANCTION AND HIS JUDICIAL-SANCTION SENTENCE IS THEREFORE CONTRARY TO LAW."

I

{¶ 6} In his sole assignment of error, appellant claims the trial court erred in imposing a judicial sanction sentence for violating a void post-release control sanction. We disagree.

{¶ 7} Specifically, appellant argues he was not properly notified of the consequences of violating post-release control in Case No. CR2013-0225. In reviewing the post-release control notification language in the 2013 judgment entry (attached to the December 5, 2016 sentencing hearing transcript as Exhibit 1), we find the language to be sufficient under the authority of *State v. Grimes,* Slip Opinion No. 2017-Ohio-2927. The transcript of the 2013 sentencing hearing has not been provided for our review; therefore, we presume regularity in the proceeding.

{¶ 8} The sole assignment of error is denied.

{¶ 9}   The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/sg 519